**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ROBERT TAYLOR, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:08-cv-0723-L |
| | § | |
| MICHAEL J.  ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the
provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on April 25, 2008.  The
findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his
signature thereto, are as follows:

Procedural History:  On June 6, 2005, plaintiff Robert Taylor, Sr., filed an application for
disability insurance benefits and Supplemental Security Income ("SSI"), claiming disability due
to bypass surgery, low blood pressure, and high cholesterol.  (Administrative Record (hereinafter
"Tr.") at 13, 80-82, 98, 282-94).  He alleged a disability onset date of May 16, 2005.  (Tr. 13).
His claim was denied by the state agency initially and on reconsideration, after which he
requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing
on November 5, 2007, where Plaintiff appeared with counsel and testified on his own behalf.
(Tr. 303-322).  On November 30, 2007, the ALJ denied Plaintiff's request for benefits, finding
that his medically determinable impairments did not prevent him from performing the full range
of light work.  (Tr. 20-21).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on February 25, 2008, the Appeals Council denied his request.  (Tr. 3-5).  Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review.  *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).  Plaintiff filed his federal complaint on April 25, 2008.  Defendant filed an answer on June 27, 2008.  On October 14, 2008, Plaintiff filed his brief, followed by Defendant's brief on December 12, 2008.

Standard of Review - Social Security Claims:  When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence.  *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment.  *Villa*, 895 F.2d 1022 (citations omitted).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

Discussion:     To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months."  20 C.F.R. §§ 404.1505, 416.905(a).  Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit."  20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.  Under the first four steps, a claimant has the burden of proving that his disability prevents him from performing his past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform.  *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).  This burden may be satisfied either by reference to the Medical-Vocational Guidelines ("Grid Rules") of the regulations, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 2, or by expert vocational testimony or other similar evidence.  *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis."  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ proceeded to step five.  He noted that Taylor was 41 years old at the time of the decision, had at least a high school education, and could communicate in English.  (Tr. 20).  He found that Taylor has the severe impairments of hypertension and coronary artery disease with status post coronary artery bypass grafting times one with stenting; that these impairments would prevent him from returning to his past work as a lawn laborer, and that transferability of job skills was not an issue because his past relevant work was unskilled. (Tr. 16, 20).  He found, based on a residual functional capacity ("RFC") for the full range of light work, that there are jobs existing in significant numbers in the national economy that Taylor

could perform, considering his age, education, and work experience.  (Tr. 20-21).  The ALJ

therefore concluded that Taylor was not under a disability and denied his claim for benefits.  (Tr.

20-21).

Plaintiff alleges several errors by the ALJ.  First, he argues the ALJ's RFC assessment

was unclear and controverted by the medical evidence.  Second, he argues the ALJ erred in

applying the "grid rules" in determining whether there were jobs Plaintiff could perform.  Third,

he argues the ALJ failed to provide a basis for determining his testimony was not entirely

credible.  Fourth, he argues the ALJ erroneously rejected his subjective complaints of

depression.  For the reasons discussed below, the court finds the ALJ's decision is supported by

substantial evidence in the record and the proper legal standards were applied in evaluating the

evidence.

**First**, Taylor argues that the ALJ's assessment of his RFC is unclear, that it is

controverted by the medical evidence, and that the ALJ erred in finding that Taylor's

impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404,

Subpart P, Appendix 1.  The ALJ specifically found Taylor did not meet or medically equal

Listing 4.04 of Appendix 1 because the "clinical record fails to establish objective medical

evidence that shows that the claimant has coronary artery disease with documented occlusion

meeting the clinical criteria, and which results in marked limitations in physical activity."  (Tr.

17).[1]  The ALJ

---

[1]  Listing 4.04, concerning Ischemic heart disease, requires symptoms due to myocardial ischemia, while on a regimen of prescribed treatment.  To meet the criteria under 4.04, there must be one of the following:

    A. Sign-or-symptom limited exercise tolerance test demonstrating a manifestation at a workload equivalent to 5 METS or less (manifestations described in listing).

noted Taylor had coronary bypass surgery in May 2005 that required myocardial revascularization, and two stents in December 2005.  (Tr. 16-17, 158-64, 218, 220-21).  After the surgeries, Taylor was asymptomatic.  (Tr. 16, 159, 161, 221).  "The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination." *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990), citing *Sullivan v. Zebly*, 493 U.S. 521, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1526(a).  There is substantial evidence in the record to support the ALJ's determination that Taylor's coronary artery disease did not meet or medically equal a listed impairment.  (Tr. 17).

In determining whether substantial evidence of disability exists, the court weighs four factors: objective medical evidence, diagnoses and opinions, the plaintiff's subjective evidence of pain and disability, and the plaintiff's age, education, and work history.  *Perez, supra*, 415 F.3d at 462.  On review of the Social Security Commissioner's decision to deny disability benefits, a finding of no "substantial evidence" to support the decision is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez*, 415 F.3d at 461.  In this case, the ALJ considered the objective medical evidence, diagnoses and opinions, plaintiff's age, education, and work history, and plaintiff's subjective evidence in reaching his determination.  (Tr. 19-24).  His findings of

---

B.  Three separate ischemic episodes, each requiring revascularization or not amenable to revascularization within a consecutive 12-month period.

C.  Corony artery disease, demonstrated by angiographic evidence showing narrowing of certain coronary arteries or graft vessels (described in listing), and resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

5

fact are supported by substantial evidence.

**Second**, Plaintiff argues the ALJ erred in applying the "grid rules" to determine whether there is other work available for the Plaintiff to perform.  The ALJ determined Plaintiff suffered only from exertional impairments and retained a RFC for the full range of light work.  (Tr. 20-21).  "When the claimant suffers only from exertional impairments or his non-exertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Guidelines in determining whether there is other work available that the claimant can perform."  *Selders, supra*, 914 F.2d at 618 (citations omitted).  The ALJ's use of the "grid rules" was appropriate.

**Third**, Taylor alleges the ALJ failed to provide a basis for determining that his testimony was not entirely credible, and failed to specify how Taylor was capable of performing a full range of light work.  "It is within the ALJ's discretion to determine the disabling nature of a [Plaintiff's] pain, and the ALJ's determination is entitled to considerable deference."  *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted).  The determination whether a Plaintiff is able to work despite some pain is within the province of the administrative agency and should be upheld if supported by substantial evidence.  *See Jones v. Heckler,* 702 F.2d 616, 621-622 (5th Cir. 1983).  Moreover, pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling.  *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Id*.  In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant.  *Falco* at 163.

The ALJ considered the objective medical evidence and found that it did not support Taylor's subjective complaints:  "Although the documentary record establishes an underlying

medical condition capable of producing some pain and limitations in functioning, the substantial evidence fails to corroborate the degree of restrictions and limitations as alleged by the claimant." (Tr. 18).  The ALJ referred to the clinical records of Taylor's treating physicians, noting they opined that Taylor should return to work.  *Id.*  He found "[t]heir opinions are well supported by the essentially normal diagnostic tests, physical examinations, medication usage and the findings of the consultative physician and the opinions of the non examining State agency medical experts."  *Id.*

During the May 2005 - December 2005 time period, after Taylor's surgeries, Dr. Shelton observed he was asymptomatic and opined that he recovered well.  (Tr. 158-161, 198-99, 220-21).  On July 21, 2005, Dr. Wood opined he could return to gainful employment.  (Tr. 203).  The ALJ received testimony from Taylor that he volunteers at church, wiping down tables and sweeping, and that he does laundry at home, but that his wife does all the other chores.  (Tr. 312-13).  The ALJ noted in his decision that Taylor reads, watches television, and drives.  (Tr. 19, 312-18).  He found Taylor's assertion that his disabled wife does most of the housework and shopping to be less credible in part due to the lack of corroborating medical evidence and in part based on Taylor's testimony regarding his activities of daily living, to include watching television and performing volunteer duties at church.  (Tr. 19).  In addressing Plaintiff's credibility, the ALJ considered the objective medical evidence, Plaintiff's subjective testimony, and Plaintiff's activities of daily living.  His credibility finding is supported by substantial evidence.

**Fourth**, Taylor alleges the ALJ erroneously rejected his subjective complaints of depression.  The Commissioner notes Taylor did not allege depression in his application

documents, (Tr. 98-99, 283), or at the hearing (Tr. 306-307); the record contains no evidence that Taylor was treated for depression, and Taylor did not cite to any evidence in his brief.  "The claimant has the burden of proving his disability and the ALJ has a duty to fully develop the facts, or else the decision is not supported by substantial evidence.  The ALJ's duty to investigate, though, does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record."  *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (citations omitted).

The ALJ's determination that there is substantial gainful employment in the national economy that Taylor is capable of performing is supported by substantial evidence, and the correct legal standards were applied.  See *Perez v. Heckler*, 777 F.2d 298, 300-302 (5th Cir. 1985) (The "grid rules" may be applied in a case where the Plaintiff is not doing substantial activity and is prevented by a severe impairment from doing vocationally relevant past work).  Plaintiff failed to show he is unable to perform the full range of light work, which the ALJ found him to be capable of performing.  *See Selders*, *supra*, 914 F.2d at 618; *see also Fraga v. Bowen*, 810 F.2d 1296, 1301-1302 (5th Cir. 1987) (If the Secretary fulfills his burden of pointing to potential alternative employment, the burden shifts back to the Plaintiff to prove he is unable to perform the alternate work).  The ALJ applied the proper legal standards, and his findings are supported by substantial evidence.


**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and judgment DISMISSING this action with

prejudice.  A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 27th  day of July, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.