IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROBERT TAYLOR, SR.**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:08-CV-0723-L** |
| § | |
| **MICHAEL J. ASTRUE**, § | |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION**, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

This is a social security case. Plaintiff Robert Taylor, Sr. ("Plaintiff" or "Taylor") filed this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), who denied his application for disability and supplemental security income benefits under Titles II and XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, the case was referred to United States Magistrate Judge Wm. F. Sanderson, Jr. for review and submission of proposed findings of fact and recommendation for disposition. On July 27, 2009, the magistrate judge filed his Findings, Conclusions and Recommendation (the "Report"), in which he recommended that the court affirm the Commissioner. Plaintiff timely filed objections to the Report on August 10, 2009.

After an independent review of the pleadings, file, record, applicable law, the magistrate judge's findings and conclusions, and consideration of Plaintiff's objections, the court determines that, as set forth fully below, the magistrate judge's finding that remand is not warranted is correct and is hereby **accepted**. Accordingly, the court **affirms** the Commissioner's decision.

**Memorandum Opinion and Order- Page 1**

I.   **Factual and Procedural Background**

Plaintiff seeks judicial review of a final decision by the Commissioner denying his claim for disability benefits under Title II of the Social Security Act and supplemental security income disability benefits under Title XVI of the Social Security Act. On June 6, 2005, Taylor filed an application for Social Security disability benefits, alleging disability due to bypass surgery, low blood pressure, and high cholesterol. On November 5, 2007, the Administrate Law Judge ("ALJ") held a hearing on Taylor's application, and Plaintiff personally appeared and testified. The ALJ issued an unfavorable decision on November 30, 2007. Taylor filed a request for review of this decision, and the Appeals Council denied his request on February 25, 2008. The ALJ's decision, therefore, became the final decision of the Commissioner. Plaintiff filed this action on April 25, 2008, pursuant to 42 U.S.C. § 405(g), contending that the Commissioner's determination that he was not entitled to disability benefits was not supported by substantial evidence on the entire record.

II.   **Analysis**

   A.   **Legal Standard**

Judicial review in a social security case is limited to a determination of whether the ALJ's decision to deny benefits is: (1) supported by substantial evidence and (2) whether the proper legal standard was applied. *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993). Substantial evidence is defined as relevant evidence that a reasonable mind would accept as sufficient to support a conclusion. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995) (citing *Richardson v. Perales,* 402 U.S. 389, 401 (1977)). It is more then a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989). The district court may not reweigh the evidence or substitute its own judgment for that of

the Commissioner. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The court must scrutinize the record, however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44; *Gutierrez v. Barnhart*, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005). If the findings are supported by substantial evidence, "they are conclusive and must be affirmed." 42 U.S.C. § 405(g).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

The Commissioner has promulgated a five-step sequential process to be used by hearing officers in disability cases. *See* 20 C.F.R. § 404.1520(b)-(f); *Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. In the first four steps of the evaluation process,

the claimant bears the burden of proving disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). The burden then shifts to the Commissioner at the fifth step to show that the claimant is capable of performing work in the national economy. *Id.* If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### B.     The ALJ's Decision

Pursuant to the five-step sequence required by 20 CFR § 303.1520, the ALJ found first that Taylor has not engaged in substantial gainful activity since his alleged onset date, May 15, 2005. Tr. 15. The ALJ next concluded that Taylor had a severe impairment pursuant to the second step. *Id*. at 16. Under the third step, the ALJ determined that Taylor's impairment does not meet or equal a listed impairment in Appendix 1 of the regulations. *Id*. at 17. At the fourth step, whether Taylor has the residual functional capacity to perform his past relevant work, the ALJ concluded that he did not. *Id*. at 20. On the final step of the sequence, whether Taylor has the residual functional capacity to perform other work, the ALJ concluded that he could perform "the full range of light work." *Id*. at 17. Accordingly, the ALJ concluded that Taylor was not disabled and therefore not entitled to disability insurance benefits. *Id*. at 21.

### C.     The Magistrate Judge's Report

Taylor raised three issues in his motion for summary judgment: (1) whether the ALJ erred in determining that Plaintiff had the residual functional capacity to perform light work; (2) whether the ALJ erred by failing to set for the basis for his determination that Plaintiff's statements were not

credible; and (3) whether the ALJ erred by not specifying how Taylor was capable of perming a full range of light work. The magistrate judge rejected all of these arguments and recommended affirming the Commissioner's decision and dismissing Taylor's case.

With respect to the first issue, the magistrate judge found that the ALJ considered objective medical evidence, diagnoses and opinions, Plaintiff's age, education, work history, and his subjective evidence, and that his findings with respect to the evidence of disability was supported by substantial evidence. He also found that the ALJ's use of the "grid rules" in determining whether there is other work for Plaintiff to perform was appropriate. With respect to the second issue, the magistrate judge found that the ALJ is entitled to "considerable deference" in making credibility determinations, and that those determinations in this case are supported by substantial evidence. Finally, with respect to the third issue, the magistrate judge found that there was no evidence of Plaintiff's depression in the record and that the ALJ applied the proper legal standards.

### D.     Plaintiff's Objections

Plaintiff raises several objections to the magistrate judge's Report, and he contends that the ALJ's decision was not supported by substantial evidence. He raises the following objections: (1) there is not substantial evidence to support the ALJ's determination that his coronary artery disease did not meet or medically equal a listed impairment; (2) there is not substantial evidence to support a finding that with his age, education, work experience, and residual functional capacity that there are jobs he can perform; and (3) there is not substantial evidence to support the ALJ's credibility determinations. The court will consider these objections in turn.

### 1. Listed Impairment

The court first considers the ALJ's determination at step three that Plaintiff did not have an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations. The ALJ found: "The clinical record fails to establish objective medical evidence that shows that the claimant has coronary artery disease with documented occlusion meeting the clinical criteria, and which results in marked limitations in physical activity." Tr. 17. The magistrate judge found that Plaintiff had coronary bypass surgery in May 2005 that required myocardial revascularization and two stents in December 2005. Plaintiff objects to the magistrate judge's statement that "[a]fter the surgeries, Taylor was asymptomatic." Report 5.

To meet the criteria for ischemic heart disease as set forth in section 4.04 of 20 C.F.R. § 404, Subpart P, Appendix 1, a patient must show one of the following:

> A. Sign - or symptom - limited exercise tolerance test demonstrating . . . a manifestation of a workload equivalent of 5 METs or less . . . OR
> B. Three separate ischemic episodes, each requiring revascularization or not amenable to revascularization . . . within a consecutive 12-month period . . . OR
> C. Coronary artery disease, demonstrated by angiography . . . with both [evidence of narrowing of certain coronary arteries or graft vessels] and . . . [r]esulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

Defendant argues that he had three separate ischemic episodes during a twelve-month period, on or about May 20, 2005, October 4, 2005, and September 21, 2005. He argues that his case has been difficult to diagnose and he likely suffered repeated ischemic episodes within a twelve-month period, but that because his case was atypical, he was not revascularized each time. He also argues

that he should have been found presumptively disabled for meeting section "C" because he has coronary artery disease that results in serious limitations on his daily living.

The court determines that the magistrate judge's finding is correct. As Plaintiff himself admits, he was not revascularized during each ischemic episode, and the ALJ determined that he also did not meet criteria "C" under section 4.04. He contends that the ALJ erred by suggesting that he was not credible or willing to work. The ALJ cited to Plaintiff's medical records from August 2005, December 2005, and August 2007, which state that he was doing clinically well. In light of this evidence supporting the ALJ's determination that Plaintiff's impairment did not meet a listed impairment, the court will not second-guess the credibility determinations made by the ALJ. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (stating that ALJ's assessment of claimant's credibility is accorded great deference). Accordingly, the court **overrules** Plaintiff's first objection.

### 2. Residual Functional Capacity

Plaintiff next argues that the ALJ failed to develop the record and therefore there is no substantial evidence to support the finding that there are jobs he can perform given his age, education, work experience, and residual functional capacity. He argues that *Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984), holds that the ALJ's failure to properly develop the record leads to the conclusion that the decision is not supported by substantial evidence. He also cites to various parts of the record and argues that the ALJ made his decision without receiving various medical records.

The duty of the ALJ is "to develop the facts relative to a claim for benefits fully and fairly. When he fails in that duty, he does not have before him sufficient facts on which to make an informed decision. Consequently, his decision is not supported by substantial evidence." *Kane*, 731 at 1219. The burden is still on Plaintiff to show that the failure to develop the record caused him

prejudice: "We will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficiencies he alleges." *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996).

While Plaintiff points out several medical records that he contends were not part of the record, the court determines that Plaintiff has failed to carry his burden in showing what prejudice he experienced due to this failure. He does not specify what is in these records that would have changed the ALJ's decision. Although he alleges generally that he continued to have pain and that his doctors were not correct in their treatment of him, he has not shown that this evidence would have altered the ALJ's conclusion. The ALJ's decision accepted that Plaintiff had some pain, but still concluded that considering all the evidence, he could still perform a full range of light work:

> Although the documentary record establishes an underlying medical condition capable of producing some pain and limitations in functioning, the substantial evidence fails to corroborate the degree of restrictions and limitations as alleged by the claimant. Pertinent to this determination are his progress notes which show that following his bypass and stenting Mr. Taylor has a history of inconsistent periods of seeking medical treatment for what he has described as chronic impairments. . . . Numerous diagnostic tests have been completed and have been found to be negative for abnormalities, unremarkable, essentially normal, or within normal limits. And while the objective medical evidence is not supportive of Mr. Taylor's subjective complaints and allegations, it is consistent with and supportive of an individual who can meet the demands of at least a full range of light work.

Tr. 18. Plaintiff's assertion that various medical records are absent from the record is not a showing that any specific test or record would have altered the ALJ's decision in light of the record before him. Accordingly, the court **overrules** Plaintiff's second objection and determines that there is substantial evidence to support the ALJ's finding regarding his residual functional capacity.

### 3.     Plaintiff's Credibility

Finally, Plaintiff contends that there is not substantial evidence to support the ALJ's credibility determinations about his testimony. He argues that the ALJ's conclusion that he could work because he volunteers at church and applied for a commercial drivers license is flawed. He contends that there was nothing in the record on which to question his credibility.

The ALJ set forth a lengthy discussion regarding Plaintiff's credibility, noting that the medical evidence did not corroborate his testimony, that he does not exhibit signs of someone in chronic pain and that his doctors have not made such findings, that he has never seen a pain specialist despite his claims of disabling pain, and that he is able to drive, read, and watch television. The ALJ also found his testimony regarding house work less credible in light of his wife's disability and the medical testimony. He also noted that his physicians released him to daily activities as tolerated and to return to work.

The court determines that despite Plaintiff's protestations, there is substantial evidence in the record supporting the ALJ's credibility determination, and it therefore defers to the ALJ. *Newton*, 209 F.3d at 459. The ALJ considered his testimony in light of the evidence at the hearing, and the court will not disturb the finding regarding Plaintiff's subjective belief about his residual functional capacity in light of the rest of the record. Accordingly, the court **overrules** Plaintiff's third objection.

## III.   Conclusion

For these reasons, the court **overrules** Plaintiff's objections to the magistrate judge's finding that remand is not warranted in this case. Accordingly, the court **accepts** the magistrate judge's

conclusion that remand is not warranted, **denies** Plaintiff's Motion for Summary Judgment (doc. 15), and **affirms** the final decision of the Commissioner denying disability benefits.

    **It is so ordered** this 23rd day of September, 2009.

Sam A. Lindsay
United States District Judge